# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5834 | **DATE** | 3/11/2011 |
| **CASE TITLE** | USA vs. Bryant | | |

**DOCKET ENTRY TEXT**

Mr. Bryant's motion to vacate, set aside, or correct his sentence is denied and the case is terminated. Status hearing set for 3/15/11 is now vacated.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

    Mr. Bryant's motion to vacate, set aside, or correct his sentence is denied. The motion asserts that Mr. Bryant is entitled to relief on the ground that: "the District Court erred by failing to make the required Rule 32 findings or determinations at the time of sentencing on unresolved objections therefore denying Mr. Bryant his Due Process of Law." Mr. Bryant then addresses eleven objections he claims I failed to resolve and reiterates that this failure amounts to a "Rule 32 Due Process violation."
    The government responds that Mr. Bryant's claim is procedurally defaulted because ten of his eleven arguments could have been, but were not, raised on direct appeal, while the remaining argument was initially raised on direct appeal, but later abandoned. The government further argues that Mr. Bryant has not asserted, and moreover cannot show, cause and prejudice to excuse his procedural default. The government contends that even under the liberal standards applicable to pro se litigants, Mr. Bryant has not asserted cause ("for example, [he] does not allege that the attorney who represented him in the Seventh Circuit was so deficient as to have rendered ineffective assistance of counsel...[n]or would an ineffective assistance of counsel claim...be meritorious"), and that in any event, Mr. Bryant cannot establish actual prejudice, since 1) most of his objections related to issues that did not negatively affect his sentence, and 2) the remaining objections are without merit.
    Apparently interpreting the government's response as an invitation to claim that his counsel was indeed ineffective, Mr. Bryant states, for the first time in his reply, that his appellate counsel was ineffective for failing to raise the issue of the unresolved sentencing objections on direct appeal.[1] But his unsupported allegations in this regard are too

| STATEMENT |
|---|
| little, too late.  Too little because they are bereft of substance (the reply does no more than baldly assert that his counsel was ineffective, providing no basis from which reasonably to conclude that either prong of the governing *Strickland v. Washington*, 466 U.S. 668 (1984), standard was met), and too late because "arguments raised for the first time in a reply brief are deemed waived," *Anderson v. United States*, No. 96-4025, 2000 WL 380081 at *2 (7th Cir. Apr. 12, 2000), even by litigants proceeding pro se. *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998).  Mr. Bryant's last-ditch effort to save his claim--the argument that he intended all along for his due process claim to comprise an ineffective assistance of counsel argument--is without merit.  While Mr. Bryant is correct that pro se litigants are not presumed to know the intricacies of the law, his original claim unambiguously (and repeatedly) identified alleged errors *by the court* as the source of his asserted due process violation.  Under any standards, this claim is patently distinct from the claim that Mr. Bryant's attorney was constitutionally inadequate.  Because Mr. Bryant waived his ineffective assistance of counsel claim by not raising it in his opening motion, he cannot now rely on it as cause to set aside his procedural default. |

[0] Mr. Bryant properly does not dispute that his claims are otherwise procedurally barred.  *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing general rule that claims not raised on direct appeal may not be raised on collateral review); *United States v. Frady*, 456 U.S. 152, 165 (1982) ("a collateral challenge may not do service for an appeal.").